## Louis Stelzer, by His Next Friend, v. Warder, Bushnell & Glessner Co.

1. PRACTICE—*Where a Party Should Be Allowed to Sue as a Poor Person.*—Where a party is a minor, and his next friend and mother and himself are poor, and they are advised by their attorney that there is merit in their suit, as in this case, the trial court should allow such party to prosecute his suit as a poor person.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Adams County; the Hon. JOHN C. BROADY, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded with directions. Opinion filed July 27, 1903.

WILSON & WALL, attorneys for appellant.

VANDEVENTER & WOODS, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellant, a boy eleven years old, by his mother as next friend, sued the appellee, a corporation, to recover damages for personal injuries received by the appellant as the result of the negligence of the appellee.

The appellee moved the court for a rule on the next friend to give bond for costs by a short day, and supported the motion by an affidavit setting up that the suit was without merit, and that the appellant and his next friend were poor and unable to pay a judgment for costs. The court entered the rule in accordance with the motion; and within the time given by the rule, the mother of the appellee filed her personal bond for costs and a cross-motion in behalf of the appellee for leave to prosecute his suit as a poor person without further bond, supported by the affidavit of both to the effect that the suit had merit as they believed and were advised by their attorney; and setting up that they were both without any property and were unable to procure any surety or sureties upon the cost bond; that the father of the appellant had left the state and was unable and unwilling to aid either of them to prosecute the suit. The court denied the cross-motion and at the expiration

of the time fixed to comply with the rule and in default of compliance therewith, dismissed the suit at the costs of the plaintiff.

The appellant prosecutes an appeal from the judgment of dismissal and urges a reversal upon the ground that the court erred in not allowing the cross-motion and in dismissing the suit.

While the trial court is clothed with a discretion in allowing or denying such a motion, yet we think that it appearing that the appellant is a minor, and his next friend and mother and himself are poor, and that they are advised by their attorney that there is merit in the appellant's suit, the trial court should have allowed the cross-motion and committed prejudicial error in denying it and in dismissing the suit under the showing made, for which we will reverse the judgment and remand the case with directions to the Circuit Court to allow the appellant to prosecute the suit as a poor person.

The foregoing opinion was written by Mr. Justice Benjamin R. Burroughs during his term as justice of this court, and is now adopted as the opinion of this court.

GEORGE W. BROWN,<br>Presiding Justice.